

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00051-CR

_____

JASON CHAMBERS, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 19-0253-X

Before Morriss, C.J., Stevens and van Cleef, JJ.

# O R D E R

Our review of the clerk's record and the reporter's record in this matter indicates that they contain un-redacted "sensitive data" as that phrase is defined in Rule 9.10 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.10(a). Sensitive data includes "a birth date, a home address, and the name of any person who was a minor at the time the offense was committed." TEX. R. APP. P. 9.10(a)(3). The clerk's record includes the name of a person who was a minor at the time the offense was committed. Likewise, the entirety of the reporter's record, the supplemental reporter's record, State's exhibits nine through fourteen, and the Children's Advocacy Center (CAC) interview include the name of a person who was a minor at the time the offense was committed. Rule 9.10(b) states, "Unless a court orders otherwise, an electronic or paper filing with the court, including the contents of any appendices, must not contain sensitive data." TEX. R. APP. P. 9.10(b).

Rule 9.10(g) provides, "A court may also order that a document be filed under seal in paper form or electronic form, without redaction." TEX. R. APP. P. 9.10(g). Therefore, because the clerk's record, the reporter's record, the supplemental reporter's record, State's exhibits nine through fourteen, and the CAC interview contain un-redacted sensitive data, we order the clerk of this Court, or her appointee, in accordance with Rule 9.10(g), to seal the electronically filed clerk's record, the reporter's record, the supplemental reporter's record, State's exhibits nine through fourteen, and the CAC interview in this case.

IT IS SO ORDERED.

BY THE COURT

Date: October 26, 2022